1  BALLARD SPAHR ANDREWS & INGERSOLL LLP
   LYNN E. RZONCA (Pa. Bar No. 21214)
2  ROBERTA JACOBS-MEADWAY (Pa. Bar No. 86747)
   STEVEN D. KIM (Pa. Bar No. 203459)
3  1735 Market Street, 51st Floor
   Philadelphia, PA 19103
4  Telephone:   (215) 665-8500
   Facsimile:   (215) 864-8999
5  E-mail:      rzoncal@ballardspahr.com

6  HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
   GARNER K. WENG – 191462
7  ALEXANDRA ATENCIO – 227251
   425 Market Street, 26th Floor
8  San Francisco, CA  94105
   Telephone:   (415) 777-3200
9  Facsimile:   (415) 541-9366
   E-mail:      gweng@hansonbridgett.com
10
   EPONA, LTD., a Delaware corporation
11
   Thomas A. Knoth (Ohio Bar No. 0034240)
12 Victoria L. Nilles (Ohio Bar No. 0076616)
   THOMPSON HINE LLP
13 2000 Courthouse Plaza N.E.
   P.O. Box 8801
14 Dayton, OH  45402
   Telephone:  (937) 443-6777
15 Facsimile:  (937) 443-6830
   E-mail: Tom.Knoth@Thompsonhine.com
16         Victoria.Nilles@Thompsonhine.com

17 Richard J. Mooney (CA Bar No. 176486)
   Tom M. Kerr (CA Bar No. 241530)
18 HOLME ROBERTS & OWEN LLP
   560 Mission St. #2500
19 San Francisco, CA  94105
   Telephone:  (415) 268-2000
20 Facsimile:  (415) 268-1999
   E-mail: richard.mooney@hro.com
21         tom.kerr@hro.com

22 Attorneys for Defendant
   MIRACLECORP PRODUCTS, an Ohio Corporation

- 1 -

JOINT STIPULATION (CASE NO. C 07 0800 SI)

1329986.1

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPONA, LTD., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MIRACLECORP PRODUCTS, an Ohio corporation, (formerly named herein as MiracleCorp of Australia, an Ohio corporation d/b/a GROOMA.COM),<br><br>Defendant. | No. C 07 0800 SI<br><br>**JOINT STIPULATION** |

**TO THE HONORABLE COURT:**

The parties to the above-entitled action jointly submit this stipulation consenting to the filing of Plaintiff Epona, Ltd.'s Second Amended Complaint.

Pursuant to General Order No. 45, counsel for Plaintiff Epona, Ltd., who submits this joint stipulation on behalf of all parties, attests that concurrence in the filing of this stipulation has been obtained from Defendant MiracleCorp Products' counsel.

DATED: July 2, 2007

Respectfully submitted,

/s/
Lynn E. Rzonca
Roberta Jacobs-Meadway
Steven D. Kim
BALLARD SPAHR ANDREWS &
INGERSOLL LLP
1735 Market Street
51st Floor
Philadelphia, PA 19103
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
E-mail: rzoncal@ballardspahr.com
jacobsmeadwayr@ballardspahr.com
kims@ballardspahr.com

- 2 -
JOINT STIPULATION (CASE NO. C 07 0800 SI)

1329986.1

| | |
|---|---|
| 1 | Garner K. Weng (#191462) |
| 2 | Alexandra Atencio (#227251)<br>HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP |
| 3 | 425 Market Street<br>26th Floor |
| 4 | San Francisco, CA 94105<br>Telephone: (415) 777-3200 |
| 5 | Facsimile: (415) 541-9366<br>E-mail: gweng@hansonbridgett.com |
| 6 | aatencio@hansonbridgett.com |
| 7 | Attorneys for Plaintiff<br>Epona, Ltd. |

        /s/
_____
Thomas A. Knoth (OH Bar No. 0034240)
Victoria L. Nilles (OH Bar No. 0076616)
THOMPSON HINE LLP
2000 Courthouse Plaza N.E.
P.O. Box 8801
Dayton, OH 45402
Telephone: (937) 443-6777
Facsimile: (937) 443-6830
E-mail: Tom.Knoth@Thompsonhine.com
       Victoria.Nilles@Thompsonhine.com

Richard J. Mooney (CA Bar No. 176486)
Tom M. Kerr (CA Bar No. 241530)
HOLME ROBERTS & OWEN LLP
560 Mission St. #2500
San Francisco, CA 94105
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
E-mail: richard.mooney@hro.com
       tom.kerr@hro.com

Attorneys for Defendant,
MiracleCorp Products

- 3 -

JOINT STIPULATION (CASE NO. C 07 0800 SI)

1329986.1

# [PROPOSED] ORDER

Pursuant to the Parties' Stipulation, the Second Amended Complaint lodged herewith is deemed filed as of the date entered. Defendants shall have ten (10) days from the date of service to respond to the Second Amended Complaint.

SO ORDERED.

DATED:_____                _____
                                     Hon. Susan Illston
                                     UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| 1 | BALLARD SPAHR ANDREWS & INGERSOLL LLP |
| | LYNN E. RZONCA (Pa. Bar No. 21214) |
| 2 | ROBERTA JACOBS-MEADWAY (Pa. Bar No. 86747) |
| | STEVEN D. KIM (Pa. Bar No. 203459) |
| 3 | 1735 Market Street, 51st Floor |
| | Philadelphia, PA 19103 |
| 4 | Telephone: (215) 665-8500 |
| | Facsimile: (215) 864-8999 |
| 5 | E-mail: rzoncal@ballardspahr.com |
| 6 | HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP |
| | GARNER K. WENG - 191462 |
| 7 | ALEXANDRA ATENCIO – 227251 |
| | 425 Market Street, 26th Floor |
| 8 | San Francisco, CA 94105 |
| | Telephone: (415) 777-3200 |
| 9 | Facsimile: (415) 541-9366 |
| | E-mail: gweng@hansonbridgett.com |
| 10 | |
| | Attorneys for Plaintiff |
| 11 | EPONA, LTD., a Delaware corporation |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| EPONA, LTD., a Delaware corporation, | | No. C-07-0800 SI |
| Plaintiff, | | |
| v. | | **SECOND AMENDED COMPLAINT** |
| MIRACLECORP PRODUCTS, an Ohio corporation (formerly named herein as MiracleCorp of Australia, an Ohio corporation d/b/a GROOMA.COM), | | |
| Defendant. | | |

This is an action for federal trade dress infringement and unfair competition arising under Section 43(a) of the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq., as amended (hereinafter "Lanham Act").

Plaintiff, Epona, Ltd. (hereinafter "Plaintiff"), by and through its counsel, alleges as follows:

- 1 -

SECOND AMENDED COMPLAINT (CASE NO. C07-0800 SI)

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

2. This Court has personal jurisdiction over Defendant. Defendant transacts business in California, in this District, sells products in this District in California; and solicits business in this judicial district.

3. Venue is proper in this district under 28 U.S.C. §§ 1391 (b) and (c), and 1400(b) inasmuch as Plaintiff resides in this district and the cause of action accrued within this District.

## INTRA-DISTRICT ASSIGNMENT

4. Pursuant to General Order 44 and the Local Rules of the United States District Court for the Northern District of California, Civil L.R. 3-2, assignment is proper to any Division of this Court because this is an action involving intellectual property rights.

## PARTIES

5. Epona, Ltd. (hereinafter "Epona") is a corporation organized and existing under the laws of the state of Delaware, having filed a certificate of authority with the State of California, and having a principal place of business in Fairfax, California, which is located in this judicial district.

6. Upon information and belief, Defendant MiracleCorp Products (hereinafter "Defendant") is a corporation organized and existing under the laws of the state of Ohio and having a principal place of business at 2425 West Dorothy Lane, Dayton, Ohio 45435.

## GENERAL ALLEGATIONS

7. Epona is and has since September of 1992 been engaged in manufacturing and selling natural grooming products for horses, including hoof picks, throughout the United States, and has built a successful business in connection therewith.

- 2 -
SECOND AMENDED COMPLAINT (CASE NO. C07-0800 SI)

1  8. Epona manufactures and sells a unique and distinctive hoof pick under the trademark EPONA (the "Epona Design"). The Epona Design trade dress elements include, but are not limited to: (a) the distinctive silhouette of the product, and (b) the particular graceful curve of the neck. The Epona Design is shown below:



9. Epona created the Epona Design based upon aesthetic and decorative considerations.

10. Epona has promoted and sold hoof picks since 1996.

11. Epona has extensively promoted its hoof picks, including the Epona Design under its unique trade dress through its website, advertising, as well as through sales representatives and appearances at trade shows.

12. Epona sells its Epona Design hoof picks through numerous authorized dealers and other retailer establishments, as well as through catalogs and the Internet.

13. Epona has spent significant effort and been successful in advertising, promoting, and marketing its hoof picks, including the Epona Design, since prior to 1999.

14. By virtue of Epona's use and advertising of the Epona Design, the design constitutes a distinctive and non-functional trade dress which identifies Epona as the source of the goods and therefore acts as a source identifier.

15. As a result of the widespread and continuous use and promotion, and the nature of the hoof pick design, Epona's unique trade dress in its Epona Design hoof pick has received broad national recognition as identifying Plaintiff as the exclusive source of such hoof picks.

16. Defendant is in the business of manufacturing and selling grooming products for horses in competition with Epona.

- 3 -
SECOND AMENDED COMPLAINT (CASE NO. C07-0800 SI)

17. Defendant sells its products to many of the same retailers as Epona.

18. Epona recently became aware that Defendant is marketing and selling a "Grooma Hoof Pick," which is substantially similar in appearance to Epona's product. The "Grooma Hoof Pick" is shown below:



19. Upon information and belief, Defendant first sold its "Grooma Hoof Pick" in 2005, years subsequent to Epona's sale of its unique and distinctive hoof pick and years subsequent to the time the Epona design became well and favorably known and associated with EPONA.

20. Defendant previously sold a hoof pick with a very different appearance from the "Grooma Hoof Pick" shown above. Upon information and belief, Defendant sold a "Grooma 3 'n 1 Pick" since as early as 2001. The "Grooma 3 'n 1" has a substantially different design from and does not resemble Epona's product. The "Grooma 3 'n 1" hoof pick is shown below:



21. Defendant is producing, distributing, promoting and selling the product complained of herein in direct competition with Epona's hoof picks, including the Epona Design.

22. Epona has not consented to, sponsored, endorsed, or approved of Defendant's use of Epona's trade dress in connection with the Epona Design or any other product.

- 4 -
SECOND AMENDED COMPLAINT (CASE NO. C07-0800 SI)

23. On December 4, 2006, Epona, through its counsel, sent Defendant a demand letter stating that Defendant's acts constituted trademark and trade dress infringement, and that Defendant cease production and distribution of any products emulating or copying Epona's product designs. A true and correct copy of the December 4, 2006 demand letter is attached hereto as Exhibit A.

24. On December 20, 2006, Epona, through its counsel, submitted a follow-up cease and desist letter, restating its prior demands. A true and correct copy of Plaintiff's letter is attached hereto as Exhibit B.

25. Defendant has since failed to respond to Plaintiff's December 4, 2006 and December 20, 2006 letters or otherwise respond in any meaningful way.

## CLAIM FOR RELIEF

### (Federal Unfair Competition in the Nature of Trade Dress Infringement)

26. The allegations of the preceding paragraphs of this Complaint are incorporated herein by reference.

27. Since at least as early as 1999, Epona has sold and promoted its Epona Design hoof picks throughout the United States.

28. Due to such widespread and continuous promotional activities and sales, the non-functional design, trade dress, or overall appearance and impression of the Epona Design hoof picks has come to be recognized by customers to identify and distinguish Epona as the sole source of hoof picks with such design and the Epona Design has acquired secondary meaning in the minds of the consuming public.

29. The design used by Defendant for its "Grooma Hoof Pick" is substantially similar and confusingly similar to the Epona hoof pick trade dress in appearance and commercial impression.

30. Defendant's manufacture and sale of the product complained of herein was subsequent to Epona's manufacture and sale of its distinctive product.

31. Upon information and belief, Defendant's manufacture and sale of the product complained of herein occurred after Epona's product acquired secondary meaning in the minds of the consuming public.

32. Consequently, there is a likelihood of confusion and mistake as to the origin of, or affiliation between Defendant's and Epona's products identified by Epona's trade dress.

33. To the extent there is such a likelihood of confusion, the use of such trade dress by Defendant is likely to deceive purchasers and prospective purchasers as to the source or sponsorship of Defendant's goods and as to the affiliation of Defendant with Epona.

34. This likelihood of confusion is exacerbated by the fact that Defendant's and Epona's hoof picks are likely to be purchased by the same types of consumers, and are advertised and promoted in the same or similar advertising channels and marketed and sold in the same or a similar manner.

35. The acts and activities of Defendant complained of herein constitute trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Upon information and belief, Epona alleges that Defendant's foregoing actions have been knowing, deliberate, willful, and in utter disregard of Epona's rights.

37. Epona is damaged by the complained of conduct of Defendant in an amount to be determined.

38. The act and activities of Defendant complained of herein deprive Epona of control over its reputation and goodwill, which constitutes irreparable injury.

39. Defendant's conduct is continuing, and will continue, unless enjoined by the Court.

40. Epona has no adequate remedy at law to compensate it for the harm and damage complained of herein.

41. Defendant is misappropriating Epona's trade dress to confuse the public into believing the product complained of herein is associated with Epona or endorsed by Epona, when it is not.

42. Defendant's manufacture and sale of its "Grooma Hoof Pick" occurred after Epona's hoof pick acquired secondary meaning in the minds of the consuming public.

43. Defendant, prior to marketing and selling its "Grooma Hoof Pick," exclusively sold its "Grooma 3 'n 1 Hoof Pick," which is different than Epona's product.

44. Upon information and belief, the Defendant's sale of the "Grooma Hoof Pick" demonstrates it intended to trade upon Epona's distinctive trade dress after it had acquired secondary meaning in the minds of the consuming public.

45. The acts and activities of Defendant complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46. Upon information and belief, Epona alleges the foregoing actions of Defendant have been knowing, deliberate, willful, and in utter disregard of Epona's rights.

47. The act and activities of Defendant complained of herein deprive Epona of control over its reputation and goodwill, which constitutes irreparable injury.

48. Defendant's conduct is continuing, and will continue, unless enjoined by the Court.

49. Epona has no adequate remedy at law to compensate it for the harm and damage complained of herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Epona prays:

A. That judgment be entered in favor of Epona against Defendant on all counts.

B. That Defendant be directed to pay for all damages sustained by Epona due to Defendant's trade dress infringement under the Lanham Act.

C. That Defendant be directed to account and pay over to Epona all profits derived from its Grooma hoof picks.

D. That Defendant, or anyone acting with or on behalf of Defendant, be permanently enjoined from manufacturing, producing, distributing, importing, selling, or displaying any hoof picks or other items bearing any copy or colorable imitation of Epona's trade dress.

E. That Defendant be directed to deliver to Plaintiff all products comprising

- 7 -

SECOND AMENDED COMPLAINT (CASE NO. C07-0800 SI)

1  Plaintiff's hoof pick design, all invoices for purchase, bills of lading, and all related papers,
2  permits, and insurance documents, and all names and addresses of the vendors and vendees who
3  are or have been invoiced for the specified products.
4      F.    That Defendant be directed to account to Plaintiff any and all sales information for
5  products comprising Plaintiff's hoof pick design, including the names and addresses of
6  Defendant's agents, servants, employees, and sales representatives.
7      G.    That Defendant be directed to provide to Plaintiff the names, addresses, and
8  account numbers of any and all banks or financial institutions which service Defendant, including
9  copies of all of Defendant's account statements, canceled checks, and deposit slips with such
10 banks or financial institutions.
11     H.    That Defendant be directed to provide to Plaintiff the names and addresses of all
12 tax preparers and attorneys Defendant previously or currently consults with or employs.
13     I.    That Defendant be directed to pay Plaintiff's attorney fees and costs incurred in
14 prosecuting the present action pursuant to 15 U.S.C. § 1117.
15     J.    That Epona have such other and further relief as this Court may deem warranted.

SECOND AMENDED COMPLAINT (CASE NO. C07-0800 SI)

| | |
|---|---|
| 1 | DATED: July 2, 2007 |

                By: _____/s/_____
                  Garner K. Weng, Esq.
                  Alexandra Atencio, Esq.
                  HANSON BRIDGETT MARCUS
                  VLAHOS & RUDY
                  425 Market Street, 26th Floor
                  San Francisco, CA 94105
                  Telephone: (415) 777-3200

                  Lynn E. Rzonca, Esq.
                  Roberta Jacobs-Meadway, Esq.
                  Steven D. Kim, Esq.
                  BALLARD SPAHR ANDREWS &
                  INGERSOLL LLP
                  1735 Market Street, 51st Floor
                  Philadelphia, PA 19103
                  Telephone: (215) 665-8500

                  Attorneys for Plaintiff
                  EPONA, LTD., a Delaware corporation

- 9 -

SECOND AMENDED COMPLAINT (CASE NO. C07-0800 SI)