BALLARD SPAHR ANDREWS & INGERSOLL LLP
LYNN E. RZONCA (Pa. Bar No. 86747)
(Appearing *Pro Hac Vice*)
ROBERTA JACOBS-MEADWAY (Pa. Bar No. 21214)
(Appearing *Pro Hac Vice*)
STEVEN D. KIM (Pa. Bar No. 203459)
(Appearing *Pro Hac Vice*)
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
E-mail: rzoncal@ballardspahr.com

HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
GARNER K. WENG - 191462
ALEXANDRA ATENCIO – 227251
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
E-mail: gweng@hansonbridgett.com

Attorneys for Plaintiff
EPONA, LTD., a Delaware corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPONA, LTD., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MIRACLECORP PRODUCTS, an Ohio corporation (formerly named herein as Miraclecorp of Australia, an Ohio corporation d/b/a/ GROOMA.COM),<br><br>Defendant. | No. C-07-0800 SI<br><br>**STIPULATION FOR DISMISSAL PURSUANT TO FRCP RULE 41; AND JUDGMENT OF DISMISSAL WITH PREJUDICE** |

**STIPULATION FOR DISMISSAL**

Pursuant to a Settlement Agreement dated as of August 29, 2007 and among Epona Ltd. and Miraclecorp Products, and without amending or affecting any of the terms of the Settlement Agreement, the parties to this action, Plaintiff Epona Ltd. and Defendant Miraclecorp Products,

- 1 -
STIPULATION FOR DISMISSAL AND JUDGMENT OF DISMISSAL
(CASE NO. C07-0800 SI)

1360479.1

hereby stipulate to a dismissal of this action with prejudice and without costs to any party, in the form attached as Exhibit A.

Notwithstanding the dismissal of this entire action with prejudice, the court will retain continued jurisdiction over the settling parties, and each of them, for enforcement of the settlement agreement.

DATED: October 26, 2007

By: _____/s/_____
Garner K. Weng, Esq.
Alexandra Atencio, Esq.
HANSON BRIDGETT MARCUS
VLAHOS & RUDY
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200

Lynn E. Rzonca, Esq.
Roberta Jacobs-Meadway, Esq.
Steven D. Kim, Esq.
BALLARD SPAHR ANDREWS &
INGERSOLL LLP
1735 Market Street, 44th Floor
Philadelphia, PA 19103
Telephone: (215) 665-8500

Attorneys for Plaintiff
EPONA, LTD., a Delaware corporation

DATED: October \_\_\_, 2007

By: _____
Richard J. Mooney, Esq.
Tom M. Kerr, Esq.
HOLME ROBERTS & OWEN LLP
560 Mission Street, # 2500
San Francisco, CA 94105
Telephone: (415) 268-2000

Thomas A. Knoth, Esq.
Victoria L Nilles, Esq.
THOMPSON HINE LLP
2000 Courthouse Plaza, N.E.
Dayton, OH 45402
Telephone: (937) 443-6777

Attorneys for Defendant
MIRACLECORP PRODUCTS., an Ohio corporation

- 2 -
STIPULATION FOR DISMISSAL AND JUDGMENT OF DISMISSAL
(CASE NO. C07-0800 SI)

1360479.1

# EXHIBIT A

SIGNATURES UNDER GENERAL ORDER NO. 45

Pursuant to General Order No. 45 of the United States District Court, Northern District of California, I, Garner K. Weng—the ECF User whose User ID and Password are used in the filing of this document—hereby attest that the concurrence to the filing of this document has been obtained from the other signatory to this document.

/s/
GARNER K. WENG

**JUDGMENT OF DISMISSAL WITH PREJUDICE**

Pursuant to the stipulation of all parties and a Settlement Agreement between Plaintiff Epona Ltd. and Defendant Miraclecorp Products dated as of ___8/29___, 2007, this action is hereby dismissed with prejudice and without costs to any party.

Notwithstanding the dismissal of this entire action with prejudice, the court will retain continued jurisdiction over the settling parties, and each of them, for performance required under the parties' settlement agreement.

Dated this ____ day of October, 2007.

/s/ Susan Illston
Judge ~~Clerk of the U~~nited States District Court
For the Northern District of California

- 3 -
STIPULATION FOR DISMISSAL AND JUDGMENT OF DISMISSAL
(CASE NO. C07-0800 SI)

1360479.1

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into effective August 29, 2007 by and between Epona, Ltd., having a place of business in Fairfax, California ("Epona"), and MiracleCorp Products, having a place of business in Dayton, Ohio ("MiracleCorp").

WHEREAS, Epona represents that it has since at least 1998 used the configuration shown below as a mark in association with hoof picks (the "Epona Design"):



WHEREAS, MiracleCorp represents that, for several years, it has marketed and sold a "Grooma Hoof Pick" as shown below:



WHEREAS, EPONA has objected to MiracleCorp's activities with respect to the Grooma Hoof Pick and has filed suit against MiracleCorp in the United States District Court for the Northern District of California, Civil Action No. C-07-0800 ("the Action"), now pending, in which it claims that the Epona Design constitutes a distinctive and non-functional trade dress that identifies Epona as the source of the goods and therefore acts as a source identifier, and further alleging that MiracleCorp's promotion and sale of the Grooma Hoof Pick infringes Epona's rights in the Epona Design;

WHEREAS MiracleCorp denies that the Epona Design constitutes protectable trade dress and denies infringing any rights of Epona therein;

WHEREAS, the parties wish now amicably to resolve the dispute between them.

In consideration of the foregoing and of the undertakings set forth hereinafter, intending to be legally bound, the parties agree:

1. MiracleCorp agrees that it will not manufacture, sell, or offer, directly or indirectly, the Grooma Hoof Pick incorporating, embedding, or attaching (a) any magnetic device or (b) any leather strap, or any other hoof pick product of similar shape incorporating, embedding, or attaching (a) any magnetic device or (b) any leather strap. All hoof pick products currently offered by MiracleCorp are exempt.

2. Within five (5) days of receiving a copy of this Agreement signed by MiracleCorp, Epona will send to MiracleCorp payment in the amount of $5,000.00, to be sent to the following address:

Thomas A. Knoth, Esq.
THOMPSON HINE LLP
2000 Courthouse Plaza N.E.
P.O. Box 8801
Dayton, OH 45401-8801

Exhibit A

3. Within ten (10) days of the execution of this Agreement by both parties, counsel for the parties will jointly file a stipulated dismissal of the Action with prejudice.

4. MiracleCorp agrees that it will not oppose or challenge, or seek to oppose or challenge, directly or indirectly, Epona's alleged rights in the Epona Design, including but not limited to by opposing Epona's pending U.S. Trademark Application Serial No. 77/120,950 (the "'950 Application").

5. Epona agrees that it will not seek to enforce against MiracleCorp its rights in any registration issuing from the '950 Application or any other alleged proprietary rights in its Epona Design of any nature whatsoever, including but not limited to alleged rights under patent, trademark, trade secret, trade dress, or unfair competition laws, and whether arising under federal, state or common law, with the exception of enforcing its rights arising from this Settlement Agreement. Epona consents to MiracleCorp's manufacture, importation, distribution, marketing, and sale of the "Grooma Hoof Pick" and hoof picks of a similar design in accordance with the provisions of this Agreement, and all hoof picks currently offered by MiracleCorp,.

6. MiracleCorp's duties and obligations under this Agreement shall terminate immediately and without need of further act by MiracleCorp in the event Epona ceases to market and sell hoof picks embodying the Epona Design in the United States.

7. Epona, on behalf of itself and its successors, predecessors, assigns, officers, directors, attorneys, agents, affiliates, and subsidiaries, hereby releases and discharges MiracleCorp, its successors, predecessors, assigns, officers, directors, attorneys, agents, affiliates, and subsidiaries from all actions, damages, claims and demands whatsoever, in law or equity, known or unknown, arising before the date set forth above with respect to the matters set forth herein, except that this release does not apply to any claims based on a breach of this Agreement.

8. MiracleCorp, on behalf of itself and its successors, predecessors, assigns, officers, directors, attorneys, agents, affiliates, and subsidiaries, hereby releases and discharges Epona, its successors, predecessors, assigns, officers, directors, attorneys, agents, affiliates, and subsidiaries from all actions, damages, claims and demands whatsoever, in law or equity, known or unknown, arising before the date set forth above with respect to the matters set forth herein, except that this release does not apply to any claims based on a breach of this Agreement.

9. Except as otherwise provided in this Agreement, the parties will each bear all of their own costs and expenses including, without limitation, legal fees incurred in connection with the Action and this Agreement.

10. This Agreement constitutes the entire understanding of the parties with respect to the subject matter, and there are no other agreements or understandings, express or implied, and it is binding on the parties, their successors, heirs, assigns, related companies, and affiliates.

| EPONA, LTD. | MIRACLECORP PRODUCTS |
|---|---|
| By _____ | By _____ |
| Name _Stacey Singer_ | Name _William M. Sherk Jr._ |
| Title _President_ | Title _President_ |