BALLARD SPAHR ANDREWS & INGERSOLL LLP
LYNN E. RZONCA (Pa. Bar No. 86747)
(Appearing *Pro Hac Vice*)
ROBERTA JACOBS-MEADWAY (Pa. Bar No. 21214)
(Appearing *Pro Hac Vice*)
STEVEN D. KIM (Pa. Bar No. 203459)
(Appearing *Pro Hac Vice*)
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
E-mail: rzoncal@ballardspahr.com

HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
GARNER K. WENG - 191462
ALEXANDRA ATENCIO – 227251
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
E-mail: gweng@hansonbridgett.com

Attorneys for Plaintiff
EPONA, LTD., a Delaware corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPONA, LTD., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MIRACLECORP PRODUCTS, an Ohio corporation (formerly named herein as Miraclecorp of Australia, an Ohio corporation d/b/a/ GROOMA.COM),<br><br>Defendant. | No. C-07-0800 SI<br><br>**AMENDED STIPULATION FOR DISMISSAL PURSUANT TO FRCP RULE 41; AND JUDGMENT OF DISMISSAL WITH PREJUDICE** |

**PREFACE**

The Stipulation for Dismissal Pursuant to FRCP Rule 41; and Judgment of Dismissal with Prejudice filed on October 26, 2007 was submitted in error; and the Parties respectfully request that this Amended Stipulation be accepted and considered by the Court in its place.

- 1 -
AMENDED STIPULATION FOR DISMISSAL AND JUDGMENT OF
DISMISSAL (CASE NO. C07-0800 SI)                                               1360479.3

# AMENDED STIPULATION FOR DISMISSAL

Pursuant to a Settlement Agreement dated as of August 29, 2007 by and among Epona, Ltd. and MiracleCorp Products, and without amending or affecting any of the terms of the Settlement Agreement, the parties to this action, Plaintiff Epona, Ltd. and Defendant MiracleCorp Products, hereby stipulate to a dismissal of this action with prejudice and without costs or fees to any party, in the form attached as Exhibit A.

DATED: October 31, 2007

By: /s/
Garner K. Weng, Esq.
Alexandra Atencio, Esq.
HANSON BRIDGETT MARCUS
VLAHOS & RUDY
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200

Lynn E. Rzonca, Esq.
Roberta Jacobs-Meadway, Esq.
Steven D. Kim, Esq.
BALLARD SPAHR ANDREWS &
INGERSOLL LLP
1735 Market Street, 44th Floor
Philadelphia, PA 19103
Telephone: (215) 665-8500

Attorneys for Plaintiff
EPONA, LTD., a Delaware corporation

- 2 -
AMENDED STIPULATION FOR DISMISSAL AND JUDGMENT OF
DISMISSAL (CASE NO. C07-0800 SI)

1360479.3

DATED: October 31, 2007

By: /s/
Richard J. Mooney, Esq.
Tom M. Kerr, Esq.
HOLME ROBERTS & OWEN LLP
560 Mission Street, # 2500
San Francisco, CA 94105
Telephone: (415) 268-2000

Thomas A. Knoth, Esq.
Victoria L Nilles, Esq.
THOMPSON HINE LLP
2000 Courthouse Plaza, N.E.
Dayton, OH 45402
Telephone: (937) 443-6777

Attorneys for Defendant
MIRACLECORP PRODUCTS., an Ohio corporation

SIGNATURES UNDER GENERAL ORDER NO. 45

Pursuant to General Order No. 45 of the United States District Court, Northern District of California, I, Garner K. Weng—the ECF User whose User ID and Password are used in the filing of this document—hereby attest that the concurrence to the filing of this document has been obtained from the other signatory to this document.

/s/
GARNER K. WENG

## JUDGMENT OF DISMISSAL WITH PREJUDICE

Pursuant to the stipulation of all parties and a Settlement Agreement between Plaintiff Epona, Ltd. and Defendant MiracleCorp Products dated as of August 29, 2007, this action is hereby dismissed with prejudice and without costs or fees to any party. The Judgment of Dismissal With Prejudice filed on October 29, 2007 (doc. 39) is hereby vacated.

Dated this \_\_\_\_ day of October, 2007.

_____
Judge    ~~Clerk of the United States District Court
For the~~ Northern District of California

# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into effective August 29, 2007 by and between Epona, Ltd., having a place of business in Fairfax, California ("Epona"), and MiracleCorp Products, having a place of business in Dayton, Ohio ("MiracleCorp").

WHEREAS, Epona represents that it has since at least 1998 used the configuration shown below as a mark in association with hoof picks (the "Epona Design"):



WHEREAS, MiracleCorp represents that, for several years, it has marketed and sold a "Grooma Hoof Pick" as shown below:



WHEREAS, EPONA has objected to MiracleCorp's activities with respect to the Grooma Hoof Pick and has filed suit against MiracleCorp in the United States District Court for the Northern District of California, Civil Action No. C-07-0800 ("the Action"), now pending, in which it claims that the Epona Design constitutes a distinctive and non-functional trade dress that identifies Epona as the source of the goods and therefore acts as a source identifier, and further alleging that MiracleCorp's promotion and sale of the Grooma Hoof Pick infringes Epona's rights in the Epona Design;

WHEREAS MiracleCorp denies that the Epona Design constitutes protectable trade dress and denies infringing any rights of Epona therein;

WHEREAS, the parties wish now amicably to resolve the dispute between them.

In consideration of the foregoing and of the undertakings set forth hereinafter, intending to be legally bound, the parties agree:

1. MiracleCorp agrees that it will not manufacture, sell, or offer, directly or indirectly, the Grooma Hoof Pick incorporating, embedding, or attaching (a) any magnetic device or (b) any leather strap, or any other hoof pick product of similar shape incorporating, embedding, or attaching (a) any magnetic device or (b) any leather strap. All hoof pick products currently offered by MiracleCorp are exempt.

2. Within five (5) days of receiving a copy of this Agreement signed by MiracleCorp, Epona will send to MiracleCorp payment in the amount of $5,000.00, to be sent to the following address:

Thomas A. Knoth, Esq.
THOMPSON HINE LLP
2000 Courthouse Plaza N.E.
P.O. Box 8801
Dayton, OH 45401-8801

Exhibit A

3. Within ten (10) days of the execution of this Agreement by both parties, counsel for the parties will jointly file a stipulated dismissal of the Action with prejudice.

4. MiracleCorp agrees that it will not oppose or challenge, or seek to oppose or challenge, directly or indirectly, Epona's alleged rights in the Epona Design, including but not limited to by opposing Epona's pending U.S. Trademark Application Serial No. 77/120,950 (the "'950 Application").

5. Epona agrees that it will not seek to enforce against MiracleCorp its rights in any registration issuing from the '950 Application or any other alleged proprietary rights in its Epona Design of any nature whatsoever, including but not limited to alleged rights under patent, trademark, trade secret, trade dress, or unfair competition laws, and whether arising under federal, state or common law, with the exception of enforcing its rights arising from this Settlement Agreement. Epona consents to MiracleCorp's manufacture, importation, distribution, marketing, and sale of the "Grooma Hoof Pick" and hoof picks of a similar design in accordance with the provisions of this Agreement, and all hoof picks currently offered by MiracleCorp,.

6. MiracleCorp's duties and obligations under this Agreement shall terminate immediately and without need of further act by MiracleCorp in the event Epona ceases to market and sell hoof picks embodying the Epona Design in the United States.

7. Epona, on behalf of itself and its successors, predecessors, assigns, officers, directors, attorneys, agents, affiliates, and subsidiaries, hereby releases and discharges MiracleCorp, its successors, predecessors, assigns, officers, directors, attorneys, agents, affiliates, and subsidiaries from all actions, damages, claims and demands whatsoever, in law or equity, known or unknown, arising before the date set forth above with respect to the matters set forth herein, except that this release does not apply to any claims based on a breach of this Agreement.

8. MiracleCorp, on behalf of itself and its successors, predecessors, assigns, officers, directors, attorneys, agents, affiliates, and subsidiaries, hereby releases and discharges Epona, its successors, predecessors, assigns, officers, directors, attorneys, agents, affiliates, and subsidiaries from all actions, damages, claims and demands whatsoever, in law or equity, known or unknown, arising before the date set forth above with respect to the matters set forth herein, except that this release does not apply to any claims based on a breach of this Agreement.

9. Except as otherwise provided in this Agreement, the parties will each bear all of their own costs and expenses including, without limitation, legal fees incurred in connection with the Action and this Agreement.

10. This Agreement constitutes the entire understanding of the parties with respect to the subject matter, and there are no other agreements or understandings, express or implied, and it is binding on the parties, their successors, heirs, assigns, related companies, and affiliates.

**EPONA, LTD.**

By _____

Name _____Stacey Singer_____

Title _____President_____

**MIRACLECORP PRODUCTS**

By _____

Name _____WILLIAM M. SHURK JR_____

Title _____PRESIDENT_____